UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE MAE WILLIAMS,

    Plaintiff,

v.

Case No. 13-12668
Hon. Gerald E. Rosen

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     May 27, 2014

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

    Plaintiff Jessie Mae Williams, proceeding *pro se,* commenced this suit in this Court on June 18, 2013, challenging the denial by the Defendant Commissioner of Social Security of her claim for disability insurance benefits and supplemental security income under the Social Security Act.  By motion filed on August 26, 2013, Defendant seeks the dismissal of Plaintiff's complaint on the ground that it was not timely filed within sixty days of the Commissioner's final decision on Plaintiff's application for Social Security benefits.  The Magistrate Judge issued a October 2, 2013 notice directing Plaintiff to respond to Defendant's motion on or before October 25, 2013, but Plaintiff has yet to file a response to this motion, and the deadline for doing so has long since passed.

Accordingly, the Court now proceeds to rule on Defendant's motion, having determined under Local Rule 7.1(f)(2) of this District that a hearing is not necessary.[1]

Upon reviewing Defendant's motion and the record as a whole, the Court readily concludes that this case must be dismissed. Under 42 U.S.C. § 405(g), an individual who seeks judicial review of the Defendant Commissioner's decision on an application for benefits must commence a civil action within sixty days after mailing of notice of the Commissioner's final decision. In this case, the record discloses that on February 21, 2013, the Appeals Council denied Plaintiff's request for review of an unfavorable decision by an Administrative Law Judge on Plaintiff's application for benefits. That same day, the Appeals Council sent a notice of its decision to Plaintiff, advising her that she had sixty days to file a civil action seeking judicial review of the Commissioner's decision. As explained in Defendant's motion, the pertinent regulations establish a presumption that a claimant has received a notice within five days after it is mailed, meaning that Plaintiff's sixty-day period for seeking judicial review expired on or around April 28, 2013. Yet, Plaintiff did not commence the present suit until June 18, 2013, over seven weeks past the sixty-day deadline.[2] Because Plaintiff has failed to identify any

---

[1] By notice dated June 19, 2013, the Court initially referred this case to the Magistrate Judge for determination of all non-dispositive motions and for issuance of a report and recommendation as to any dispositive motions filed by the parties. More recently, however, the Court issued a May 15, 2014 order rescinding its earlier order of reference. In light of the May 15 order, Defendant's motion is now pending before this Court and is ready for decision.

[2] As stated in the February 21, 2013 notice issued to Plaintiff, a claimant may submit a written request to the Appeals Council for an extension of the sixty-day period for commencing a suit. The record, however, fails to disclose that Plaintiff made any such request for an extension.

ground upon which she should be excused from meeting this deadline, it follows that her complaint must be dismissed as untimely filed.[3]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's August 26, 2013 motion to dismiss (docket #12) is GRANTED.

                                        s/Gerald E. Rosen
                                        Chief Judge, United States District Court

Dated: May 27, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 27, 2014, by electronic and/or ordinary mail.

                                        s/Julie Owens
                                        Case Manager, (313) 234-5135

---

[3] On May 16, 2014 — long after the October 25, 2013 deadline established by the Magistrate Judge for Plaintiff to respond to Defendant's motion to dismiss — Plaintiff filed a number of documents with the Court, including (i) a notice stating that her more recent April 4, 2014 application for supplemental security income benefits had been granted, and (ii) medical records from an examination of Plaintiff's hands on March 11, 2014. Plainly, these submissions do not in any way address or refute the argument advanced in Defendant's motion, nor do they assist Plaintiff in establishing that she should be excused from the statutory sixty-day deadline for seeking judicial review of an unfavorable decision on an application for Social Security benefits.